IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William R. Miller,

                                Petitioner,                      Case No. 4:13 CV 1365

      v.

                                                               MEMORANDUM OPINION AND
                                                             ORDER

Christopher LaRose,

                                Respondent.

**INTRODUCTION**

On June 20, 2013, pro se Petitioner William R. Miller filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, which was subsequently amended on December 11, 2013. ("Petition") (Doc. No. 11). The Court referred the matter to Magistrate Judge Greg White for a Report and Recommendation (R&R). The Magistrate Judge's R&R (Doc. No. 23) and Miller's objections to the same (Doc. No. 24) are now before me. For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the R&R and overrule Miller's objections.

**BACKGROUND**

Magistrate Judge White accurately and comprehensively set forth the procedural background of this case, and I adopt those sections of the R&R in full. (Doc. No. 23 at 3-8). Further, as Magistrate Judge White notes, "[i]n a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by the state courts are presumed correct." (Doc. No. 23 at 2) (citing 28 U.S.C. § 2254(e)(1); *House v. Bell*, 283 F.3d 37 (6th Cir. 2002)). I also adopt that section of the R&R in full. (Doc. No. 23 at 2-3)

Briefly, a jury convicted Miller in 2009 of kidnapping and rape in violation of Ohio Rev. Code § 2907.01, § 2907.02, respectively. He was subsequently sentenced to an aggregate term of thirty years in prison.

Miller, through counsel, sought direct appeal followed by a timely notice of appeal to the Supreme Court of Ohio. (Doc. No. 7-1, Ex. 24, 28). On April 6, 2011, the appeal was dismissed as not involving any substantial constitutional question. (Doc. No. 7-1, Ex. 31). Acting pro se, Miller proceeded to seek various forms of post-conviction relief in the state courts of Ohio. (Doc. No. 7-1, Ex. 35, 37, 42, 45, 50, 54). However, these post-conviction relief applications and appeals therefrom were denied as untimely.[1] (Doc. No. 7-1, Ex. 36, 40, 44, 48, 52, 76).[2]

Miller then filed his Petition for a writ of habeas corpus under § 2254 raising four grounds for relief. (Doc. No. 11). The case was referred to Magistrate Judge White who recommended dismissing the Petitioner as time-barred. (Doc. No. 23). Miller filed timely objections to the R&R (Doc. No. 24); Respondent failed to respond.

Miller argues his ineffective assistance claim can be heard on federal habeas review pursuant to *Premo v. Moore*, 131 S. Ct. 733 (2011). Next, Miller argues the Magistrate Judge misconstrued his actual innocence claim, and he is innocent because there was "no physical or biological evidence" to support his conviction. (Doc. 24 at 3). Finally, Miller merely reframes his claims of speedy trial violation and lack of jurisdiction as objections.

---

[1] Miller's ineffective assistance claim in his second application to reopen was also denied because the three assignments of error were unrelated to a claim of ineffective assistance. (Doc. No. 7-1, Ex. 40).

[2] As Magistrate Judge White thoroughly explained, statutory tolling does not apply to timely appeals of untimely post-conviction applications for purposes of federal habeas review. *Parsons v. Turner*, No. 12-cv-2300, 2014 WL 197781, at * 4-5 (N.D. Ohio January 14, 2014).

2

**STANDARD**

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act, Pub. 1. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996) ("AEDPA") established the one-year statute of limitations at issue.  The applicable statute of limitations under the AEDPA, for one whose conviction became final before the effective date of the statute, is one year from the effective date. 28 U.S.C. § 2254(d)(1); *Brown v. O'Dea*, 187 F.3d 572, 575–77 (6th Cir. 1999).

The R&R fully and properly addresses all of Miller's claims and explains why the Petition is time-barred.  After review, I find Miller's objections regarding speedy trial and lack of jurisdiction (Ohio element argument) merely rehashed arguments fully considered and rejected by the R&R.  Accordingly, these objections are overruled.  *Sweeny v. Gansheimer*, No. 09 CV 2377, 2010 WL 4955704 (N.D. Ohio Nov. 30, 2010).

I further find Miller's objections with respect to ineffective assistance and actual innocence fail to address the Magistrate Judge's findings concerning the untimeliness of the Petition pursuant to AEDPA's one-year statute of limitation.  Liberally construing Miller's objections, I reviewed de novo those portions of the R&R to which objections have been made.  *See* Fed. Civ. R. P. 72(b).

**Ineffective Assistance of Trial Counsel**

Miller cites *Premo v. Moore*, 131 S. Ct. 733, 739-40 (2011) to argue "[a]n ineffective assistance claim can function as a way to escape rules of waiver and forfeiture, and to raise issues not presented

3

at trial." (Doc. 24 at 1). However, among the many discrepancies between *Premo* and the case at bar, Miller's ineffective assistance claim was not dismissed pursuant to the rules of waiver or forfeiture; rather, Miller's ineffective assistance claim was dismissed as time-barred pursuant to AEDPA's one-year statute of limitations. The procedural bars of waiver and forfeiture are completely distinct mechanisms which preclude habeas review; and *Premo* simply cannot be construed as a means to circumvent the AEDPA time-bar for ineffective assistance claims.

**Actual Innocence**

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the United States Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The touchstone of the actual innocence inquiry is whether a petitioner's "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *McQuiggin*, 133 S. Ct. at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The Supreme Court further explained that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S. Ct. at 1928. In such cases, a petitioner must "support his allegations with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 298.

As the Magistrate Judge pointed out, Miller argued actual innocence based on a number of newspaper articles and a victim statement to police. (Doc. 23 at 16 *referring to* Doc. 16 at 5). The Magistrate Judge concluded this evidence "does not come close to satisfying the standard that the new evidence must be reliable, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or other critical physical evidence that was not presented at trial." (Doc. 23 at 16).

Miller argues the Magistrate Judge misconstrued his actual innocence argument and claims "he is innocent based on the fact there is no physical or biological evidence to support the

4

accusations that he was convicted of." (Doc. No. 24 at 3). After review, I find the Magistrate Judge's recitation of Miller's actual innocence argument on point. (*See* Doc. 16 at 5). Regardless, Miller fails to acknowledge that "no physical or biological evidence" is neither new nor reliable evidence as contemplated by *Schlup v. Delo* and its progeny. By virtue of its nonexistence, it can be presumed this evidence, or lack thereof, was contemplated by the trial court.

## CONCLUSION

For the reasons stated above, I adopt Magistrate Judge White's R&R. Miller's objections are overruled, and his Petition is dismissed.

## CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Where a claim is procedurally barred, a certificate of appealability should only issue after a showing that "jurists of reason would find it debatable" whether 1) "the petition states a valid claim of the denial of a constitutional right" and 2) "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Miller's Petition was denied on procedural grounds, as I found Miller's claims to be time-barred. *See Chapman v. Moore*, 406 F. Supp.2d 835, 838 (N.D. Ohio 2005). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484; *see also Carter v. Maclaren*, No. 12-cv-160, 2012 WL 1611255, at *1 (W.D. Mich. May 8, 2012). For this reason, I deny Miller a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

                                                                                  s/ *Jeffrey J. Helmick*
                                                               United States District Judge